# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br>vs.<br>Jeremiah Isaac Pedersoli,<br>    Defendant. | 05-00521M (JCG)<br><br>**REPORT AND RECOMMENDATION** |

On July 19, 2005, the government filed a Complaint charging Defendant with theft or receipt of stolen mail matter in violation of 18 U.S.C. § 1708. Defendant was arrested on this charge on September 27, 2005, and brought from the Pima County Adult Detention Center where he was being detained, for his initial appearance on September 27, 2005. On September 29, 2005, Defendant was ordered detained and waived preliminary hearing. On November 22, 2005, Defendant moved to dismiss the charge with prejudice on the grounds that the government had failed to obtain an indictment against Defendant within the time set by 18 U.S.C. § 3161(b).

Prior to the filing of the Motion to Dismiss, Defendant had requested a hearing to enter a change of plea. That hearing was scheduled for December 13, 2005. On December 7, 2005, after receiving the Defendant's Motion to Dismiss, this Court's staff called defense counsel to clarify whether the Defendant wanted to proceed with the change of plea. Defense counsel advised that the hearing could be either a change of plea or pursuit of the Motion to Dismiss.

At the December 13, 2005, hearing, the Defendant indicated he had elected not to plead to an information and would pursue his Motion to Dismiss. The Assistant United States Attorney (AUSA) explained that he had not filed a response to the Defendant's Motion to Dismiss because he had extended a more lenient plea offer to the Defendant, and anticipated, based on previous conversations with defense counsel, that the Defendant would plead guilty to the information at the hearing. With respect to the merits of the Motion to Dismiss, the AUSA candidly acknowledged that the government had failed timely to indict the Defendant and explained that the case had inadvertently "fallen through the cracks." The government conceded that dismissal was required pursuant to 18 U.S.C. § 3161, but argued in favor of dismissal without prejudice. The parties further indicated that they believed a magistrate had the authority to dismiss the case. The AUSA requested an opportunity to provide supplemental briefing as to whether the dismissal should be with or without prejudice. The Court ordered that supplemental authority could be provided to the Court by fax by the close of business that day.

At a hearing on December 14, 2005, the Magistrate Judge indicated that she would be filing a report recommending dismissal of the charges without prejudice. Because both parties agreed that the charges were appropriately dismissed, the Magistrate Judge ordered that the Defendant be released from custody at that time.

## Authority of Magistrate Judge

There is a question as to whether a magistrate judge is authorized to decide a motion to dismiss a complaint alleging felony charges when the parties dispute whether the dismissal should be with or without prejudice. 28 U.S.C. § 636 prohibits a magistrate judge from dismissing or quashing an indictment or information made by the defendant. The Local Rules for the District of Arizona prohibit a magistrate judge from dismissing indictments unless the dismissal is on motion of the United States Attorney with the consent of the defendants. LRCrim 57.6(d)(7). Here, the parties agree to dismissal of the complaint which alleges felony charges, but dispute whether that dismissal should be with or without prejudice. Because this dispute indicates a lack of consent as to the nature of the dismissal,

this magistrate judge believes that she lacks authority to dismiss the charges and is recommending to the District Court that the charges be dismissed without prejudice. See United States v. Segal, 2002 WL 538775 (N.D. Ill. 2002). The basis for this recommendation is set forth below.

## **Failure to Timely Indict**

Pursuant to 18 U.S.C. § 3161(b), "any information or indictment charging an individual with the commission of an offense *shall* be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." (Emphasis added.) If the government fails to comply with the requirements of 18 U.S.C. § 3161(b), dismissal is required. 18 U.S.C. § 3162(a)(1). In determining whether the dismissal should be with or without prejudice, a court must consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. 18 U.S.C. § 3162(a)(1); United States v. Taylor, 487 U.S. 326, 332-341 (1988).

In the present case, it is undisputed that Defendant was not indicted within thirty days of his arrest. Thus, the charges against the Defendant must be dismissed. However, after consideration of the factors set forth in 18 U.S.C. § 3162(a)(2), the magistrate judge recommends that the District Court dismiss the charges without prejudice.

As to the first factor, the Defendant's arrest for theft or receipt of stolen mail in violation of 18 U.S.C. § 1708 is an offense serious enough to justify dismissal without prejudice. The felony charge carries with it a mandatory/possible incarceration period of up to five years and/or a fine of up to $250,000.

With respect to the second factor, there is no evidence to support a dismissal with prejudice. It appears that the government failed to indict the Defendant within thirty days due to mere inadvertence. There is no evidence that the government acted in bad faith, or that the failure to timely indict is a part of a pattern of neglect or antipathy on the part of the government.

The third factor also weighs in favor of a dismissal without prejudice. The longer the delay, the greater the actual prejudice to the defendant. United States v. Taylor, 487 U.S. 326, 332-341 (1988). Fifty days have passed since the government's deadline to indict the Defendant ended. While it is unfortunate that as a result of the government's negligence, the Defendant has spent this additional time in custody, these additional fifty days do not amount to such a restriction on Defendant's liberty as to justify dismissal with prejudice. It is noteworthy that Defendant was serving a state sentence during this same time period and would have been in state custody during part of this same time period. In addition, the Defendant has not presented any evidence that his ability to prepare for trial has been prejudiced by the delay. Given these facts, the purpose of deterring prosecutorial misconduct and delay would not be served by barring reprosecution in this case. United States v. Pena-Carrillo, 46 F.3d 879, 882-83 (9th Cir. 1995).

Based upon the foregoing, it is the recommendation of the Magistrate Judge that the District Court, after its independent review, grant in part the Defendant's Motion to Dismiss (Doc. No. 8) and dismiss the charges against Defendant without prejudice.

The parties have ten days to file their written objections to this report. The objections should be filed with the Honorable John M. Roll.

**DATED** this 16th day of December, 2005.

_____
Jennifer C. Guerin
United States Magistrate Judge